IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        -v-

                                                   10-CR-142-A

MARY ANNE CATALANO,

        Defendant.
_____

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE**, that for the reasons stated herein, and upon the affidavit of Assistant United States Attorney Paul J. Campana filed under seal, the United States of America, by William J. Hochul, Jr., United States Attorney for the Western District of New York (Paul J. Campana, Assistant United States Attorney, of counsel), hereby moves this Court at 68 Court Street, Part II, Buffalo, New York, on July 25, 2011, at 12:00 p.m., for a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines,.

In addition to the reasons set forth in the aforementioned affidavit filed under seal, this motion is based upon the following grounds:

    1.   The defendant, Mary Anne Catalano, was stopped while attempting to enter the United States in a leased automobile at the Peace Bridge Port of Entry in Buffalo, New York, on September 14, 2009. Ms. Catalano was the holder of a Nexus pass that ordinarily would have enabled her to enter the United Stats from Canada after

a brief inspection. On this occasion, however, she was referred for a secondary inspection on account of a computer-generated compliance exam. Such a referral is not based upon the pendency of an investigation concerning a person who seeks entry into the United States.

2. Ms. Catalano had packed a duffle bag with medical supplies and drugs prior to coming to the United States. She brought this bag with her to the Peace Bridge on September 14, 2009. Among the drugs in the bag were Actovegin and Nutropin. Actovegin is a substance derived from calf's blood. It is not approved for use in Canada or the United States. Nutropin is a human growth hormone (HGH) approved for use in adults in the United States only for a limited number of specific medical conditions.

3. Ms. Catalano at first untruthfully told primary and secondary inspectors that her purpose for coming to the United States was to attend a medical conference in Washington, D.C., where her employer, Dr. Anthony Galea, would be speaking. Later on September 14, Ms. Catalano told Agents from ICE and the Food and Drug Administration that her true purpose for coming to the United States was to meet Dr. Galea in the Washington, D.C. area where Dr. Galea was scheduled to provide a medical treatment to a professional athlete. As a result of Ms. Catalano's detention at the border, that meeting never took place, and Dr. Galea, who would be traveling separately, did not go to Washington.

4. Ms. Catalano began to cooperate with ICE and FDA Agents immediately after confessing her true purpose for coming to the United States. The FBI joined the investigation shortly after September 14, 2009, and the three agencies, ICE, FDA, and FBI, thereafter conducted the investigation jointly. Ms. Catalano's decision to cooperate was made before she retained counsel for her defense and before she made any appearance before a judicial officer. Her first appearance in U.S. District Court was on September 16, 2009, before United States Magistrate Judge Hugh B. Scott.

5. Ms. Catalano continued her cooperation while represented by her retained attorney, Rodney O. Personius, Esq. Ms. Catalano's cooperation included several interviews with Agents from ICE, FDA, and the FBI.

6. Based largely upon evidence provided by Ms. Catalano, a criminal complaint was filed against Dr. Anthony Galea on May 18, 2010, in which Dr. Galea was charged with several felony offenses. A warrant for Dr. Galea's arrest was signed the same day.

7. On June 24, 2010, Ms. Catalano pleaded guilty before this Court to making false statements to federal officers at the Peace Bridge on September 14, 2009. In the Plea Agreement signed by Ms. Catalano, she made detailed admissions relating to her conduct and the conduct of Dr. Galea. Pursuant to that Plea Agreement, Ms.

3

Catalano continued to cooperate in the government's investigation of Dr. Galea.

8. Due in large part to Ms. Catalano's continued cooperation, a federal grand jury returned a five-count Indictment on October 14, 2010, against Dr. Galea, charging him with conspiracy, smuggling, two offenses relating to drugs that were misbranded and unapproved according to federal statutes and FDA regulations, and aiding and assisting the making of false statements to federal officers. The Indictment of Dr. Galea was docketed in this Court under Case Number 10-CR-307. A warrant for Dr. Galea's arrest was issued as a result of the Indictment.

9. On July 6, 2011, in Case Number 10-CR-307, Anthony Galea pleaded guilty to Count III of the Indictment, a felony offense charging him with introducing misbranded drugs into interstate commerce. Dr. Galea, a citizen and resident of Canada, appeared voluntarily to enter his guilty plea in U.S. District Court, without requiring formal extradition from Canada.

10. As a result of his felony conviction, Dr. Galea faces a maximum possible prison term of three years and a fine of $250,000. In his Plea Agreement, Dr. Galea also specifically agreed to forfeit $275,000 to the United States Department of Homeland Security and to cooperate in the government's ongoing investigation. According to his Plea Agreement, Dr. Galea's

4

sentence under the advisory Sentencing Guidelines would be 12-18 months imprisonment if he is granted a downward departure, and 18-24 months imprisonment if he is sentenced in accordance with the Guidelines and a downward departure is not granted.

11.  It is respectfully submitted that the cooperation of Mary Anne Catalano was a significant and substantial factor in obtaining a felony conviction against Dr. Anthony Galea.  For the reasons set forth above, and for the reasons set forth in the affidavit submitted to the Court under seal, the government respectfully asks the Court to grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines and to impose a sentence upon Ms. Catalano that includes a term of Probation and not incarceration.

DATED:  Buffalo, New York, July 13, 2011.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:  *s/Paul J. Campana*
PAUL J. CAMPANA
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5700, ext. 819
Paul.J.Campana@usdoj.gov

TO:  Rodney O. Personius, Esq.
United States Probation Department
   Attn: David W. Ball, USPO

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      -v-

                                    10-CR-142-A

MARY ANNE CATALANO,

          Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2011, I electronically filed the **NOTICE OF MOTION AND MOTION** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1) Rodney O. Personius, Esq.

2) United States Probation Department
    Attn: David W. Ball, USPO

*s/Laura Rogers*
LAURA ROGERS
Legal Assistant